**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *ex rel.* Lawrence S. Krasner, Philadelphia District Attorney,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, et al.,<br><br>Defendants. | Case No. 2:23-CV-04645-JMY |

**PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR EXPEDITED
CONSIDERATION**

Pursuant to 28 U.S.C. § 1447(c) and Local Rule 7.1, and for the reasons explained in the attached memorandum of law, Plaintiff, Philadelphia District Attorney Lawrence S. Krasner, hereby respectfully requests that this Court issue an order remanding this case to the Philadelphia County Court of Common Pleas for lack of subject matter jurisdiction.  In addition, as also explained in the attached memorandum, Plaintiff respectfully requests that this Court consider this motion on an expedited basis, ordering any opposition to this motion to be filed by December 4, 2023, and any reply to be filed by December 6, 2023, so that the Court may promptly resolve Plaintiff's motion.

RESPECTFULLY SUBMITTED:

Dated: November 27, 2023

*/s/Gregory B. Heller*

Gregory B. Heller (PA Bar No. 61130)
**MCLAUGHLIN & LAURICELLA, P.C.**
2005 Market Street, Suite 2300
Philadelphia, PA 19103
Tel: (267) 238-1211
gheller@best-lawyers.com

Russell W. Budd (*pro hac vice* forthcoming)
Christine C. Mansour (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave, Suite 1100
Dallas, TX 75219
Tel.: (214) 521-3605
rbudd@baronbudd.com
cmansour@baronbudd.com

Burton LeBlanc (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
2600 Citiplace Drive, Suite 400
Baton Rouge, LA 70808
Tel.: (225) 927-5441
bleblanc@baronbudd.com

Roland Tellis (*pro hac vice* forthcoming)
Mark P. Pifko (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Los Angeles, CA 91436
Tel.: (818) 839-2333
rtellis@baronbudd.com
mpifko@baronbudd.com

Catherine Hancock Dorsey (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
600 New Hampshire Ave. NW 10th Floor
Washington, D.C. 20037
Tel.: (202) 333-4562
cdorsey@baronbudd.com

Troy A. Rafferty, Esq. (*pro hac vice* forthcoming)
Matthew D. Schultz, Esq. (*pro hac vice* forthcoming)
William F. Cash, Esq. (*pro hac vice* forthcoming)
Brandon L. Bogle, Esq. (*pro hac vice* forthcoming)
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, Florida 32502
Tel.: (850) 435-7140
trafferty@levinlaw.com
mschultz@levinlaw.com
bcash@levinlaw.com
bbogle@levinlaw.com

Benjamin J. Widlanski (*pro hac vice* forthcoming)
Tal J. Lifshitz (*pro hac vice* forthcoming)
Rachel Sullivan (*pro hac vice* forthcoming)
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Tel.: (305) 372-1800
bwidlanski@kttlaw.com
tjl@kttlaw.com
rs@kttlaw.com

Christopher A. Seeger (*pro hac vice* forthcoming)
David R. Buchanan (PA Bar No. 320392)
Steven J. Daroci (PA Bar No. 316989)
**SEEGER WEISS, LLP**
55 Challenger Road
Ridgefield Park, New Jersey 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com
sdaroci@seegerweiss.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *ex rel.* Lawrence S. Krasner, Philadelphia District Attorney, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| ELI LILLY AND COMPANY, et al., | : : |
| Defendants. | : : |

Case No. 2:23-CV-04645-JMY

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
AND REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to 28 U.S.C. § 1447(c) and Local Rule 7.1, Plaintiff, Philadelphia District Attorney Lawrence S. Krasner, hereby respectfully requests that this Court issue an order remanding this case to the Philadelphia County Court of Common Pleas for lack of subject matter jurisdiction.

**INTRODUCTION**

Plaintiff, in the name of the Commonwealth of Pennsylvania, brought this public enforcement action in the Philadelphia County Court of Common Pleas to punish, stop, and deter violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.* ("UTPCPL"). Specifically, Plaintiff alleges that Defendants engaged in unfair and deceptive acts and practices in their marketing and sales of insulin, to include colluding to artificially inflate insulin prices. Defendant CaremarkPCS Health, L.L.C. ("Caremark") removed Plaintiff's case under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Caremark contends that, because the challenged conduct concerns actions taken in its capacity as a pharmacy

benefits manager ("PBM") for health plans governed by the Federal Employees Health Benefits Act ("FEHBA"), it was entitled to remove Plaintiff's action to federal court.

Caremark is mistaken.  Plaintiff's Complaint, brought in the name of the Commonwealth, solely alleges State law claims and belongs in State court.  Moreover, Plaintiff's Complaint expressly disclaims any relief relating to federal health care programs, including plans covered by FEHBA.  As a result, there is no federal subject matter jurisdiction and removal pursuant to the federal officer removal statute was improper.  Accordingly, this Court should remand the case back to the Philadelphia County Court of Common Pleas.

Plaintiff brings this motion on an expedited basis because, as Caremark is well aware, federal jurisdiction is entirely lacking here.  Addressing substantially identical facts in other insulin pricing cases brought by governmental entity plaintiffs against many of the same defendants, two other federal district courts remanded those cases back to the State courts where they were originally filed.  *See People v. Eli Lilly & Co.,* No. 2:23-cv-01929-SPG-SK, 2023 WL 4269750, at *5-7 (C.D. Cal. June 20, 2023) (appeal pending) (remanding insulin pricing case where California disclaimed any recovery based on payments by federal government pursuant to FEHBA or TRICARE-governed health benefits plans); *Gov't of Puerto Rico v. Eli Lilly & Co.,* No. 23-1127 (JAG), 2023 WL 4830569 at *2-3 (D.P.R. July 13, 2023) (appeal pending) (remanding insulin pricing case where Puerto Rico's complaint stated that it "is not seeking relief relating to any federal program (e.g., Medicaid, Medicare) or any contract related to a federal program").

Expedited consideration is necessary because, otherwise, Plaintiff's action is likely to languish in federal court.  As a matter of course, the United States Judicial Panel on Multidistrict Litigation ("JPML") is transferring every insulin action pending in federal court to the Multidistrict Litigation ("MDL"), *Insulin Pricing Litigation*, 2:23-md-03080-BRM-RLS (D.N.J.), regardless of

whether the case was improperly removed, lacks federal jurisdiction, or has a pending but undecided remand motion. Once a case is transferred to the MDL, that court is highly unlikely to timely consider any pending motions, including remand motions. Plaintiff's ability to prosecute this action in the appropriate forum—Pennsylvania State court—will therefore, at a minimum, be seriously delayed, unless this Court promptly (and prior to the action's transfer to the MDL) grants Plaintiff's remand motion. Indeed, Caremark understands that removal of Plaintiff's action and its transfer to the MDL will effectively preclude Plaintiff from timely litigating his action. This Court should not permit Caremark to unfairly use such procedural delay to its advantage, particularly when there is no valid basis for federal jurisdiction. To that end, Plaintiff respectfully requests that this Court order any opposition to this motion to be filed by December 4, 2023, and any reply to be filed by December 6, 2023, so that the Court may promptly resolve Plaintiff's motion.

## PROCEDURAL HISTORY

On October 12, 2023, Plaintiff filed a Complaint against Eli Lilly and Company; Sanofi-Aventis U.S. LLC; Novo Nordisk Inc.; CVS Health Corporation; CVS Pharmacy, Inc.; Caremark RX, LLC; Caremark LLC; CaremarkPCS Health, LLC; Evernorth Health, Inc.; Express Scripts, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; UnitedHealth Group, Inc.; Optum, Inc.; OptumRx, Inc.; and OptumInsight, Inc. (collectively, "Defendants"). Plaintiff's public enforcement action generally alleges that Defendants conspired to artificially raise insulin prices in violation of the UTPCPL, which harmed patients and health insurance plans.

Plaintiff's UTPCPL claim, however, "is strictly limited to non-federal programs and non-federal contracts, and Plaintiff seeks no relief arising from federal health insurance plans."  Compl. ¶ 223 (attached as Exhibit A to Dkt. No. 1).  Plaintiff "expressly disclaims any claims or remedies against any of the Defendants related to any federal program arising out of the Insulin Pricing Scheme, including actions by the PBM Defendants working with the Office of Personnel Management ("OPM") to manage Federal Employees Health Benefits Act ("FEHBA") plans."  *Id.*

On November 24, 2023, Caremark removed the case to this Court, relying solely on the federal officer removal statute, 28 U.S.C. § 1442(a)(1).  Dkt. No. 1 at 1.

## LEGAL STANDARD

The federal officer removal statute permits removal to federal district court of any civil action "commenced in a State court" against a federal officer or "any person acting under" a federal officer for conduct that is "for or relating to any act under color of such office."  28 U.S.C. § 1442(a)(1).[1]  The purpose of federal officer removal is to "protect[] officers of the federal government from interference by litigation in state court while those officers are trying to carry out their duties."  *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 811 (3d Cir. 2016).

---

[1] In relevant part the statute reads:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C.A. § 1442.

4

In the Third Circuit, for a non-federal defendant to remove under section 1442(a)(1), that defendant must establish that: (1) defendant is a "person" within the meaning of the statute; (2) plaintiff's claims are based upon conduct "acting under" a federal officer; (3) plaintiff's claims are "for, or relating to" an act under color of federal office; and (4) defendant raises a colorable federal defense. *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Philadelphia,* 790 F.3d 457, 467 (3d Cir. 2015); *see also Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir. 1998). Because a defendant bears the burden of establishing that removal is proper, the notice of removal must allege facts to support each of these requirements. *In re Commonwealth's Motion,* 790 F.3d at 466.

Thus, the federal officer removal statute is an exception to the well-pleaded complaint rule, in which a federal question must appear on the face of the complaint, because it permits removal based on a colorable federal defense. *In re Commonwealth's Motion,* 790 F.3d at 466. "[T]he federal officer removal statute is to be 'broadly construed' in favor of a federal forum." *Id.* at 467 (quoting *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1262 (3d Cir. 1994)). Private parties like Caremark, however, bear "a special burden of establishing the official nature of [their] activities," "because the policy reasons for generally favoring removal and the existence of federal jurisdiction under section 1442 are not applicable to private parties." *Orthopedic Specialists of New Jersey PA v. Horizon Blue Cross/Blue Shield of New Jersey*, 518 F. Supp. 2d 128, 133 (D.N.J. 2007) (internal citations omitted).

Because federal courts have limited jurisdiction, if a district court determines that it lacks subject matter jurisdiction, the court must remand the action. *See, e.g.*, *Procopio v. Crown Atlantic Co., LLC*, 555 F. Supp. 3d 186, 187 (E.D. Pa. 2021); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded.").  A motion to remand, therefore, is the functional equivalent of a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and should be reviewed under that same standard.  *In re Commonwealth's Motion*, 790 F.3d at 466.  In other words, this Court should resolve Plaintiff's remand motion by determining whether Caremark's allegations demonstrate, by a preponderance of the evidence, that this Court has subject matter jurisdiction such that removal was proper. *See, e.g.*, *Quarles v. Germantown Hosp. & Community Health Servs.*, 126 F. Supp. 2d 878, 880 (E.D. Pa. 2000) ("On a motion to remand, the defendant bears the burden of proving by a preponderance of the evidence that removal was proper and that the district court has subject matter jurisdiction.").

## ARGUMENT

This Court should remand this case for lack of subject matter jurisdiction.

Caremark contends that removal of Plaintiff's case pursuant to the federal officer removal statute is proper because:  (1) by administering pharmacy benefits for FEHBA programs it is "acting under" federal officers; (2) Caremark's alleged conduct was done for, or relating to, a federal officer; and (3) Caremark has a colorable federal preemption defense.  Dkt. No. 1 at ¶¶ 26-45.  Caremark is wrong.

### A.     Removal Based On The Federal Officer Removal Statute Is Improper Because Plaintiff Has Disclaimed Any Claims Relating To Caremark's Administration Of Federal Healthcare Programs Or To Caremark's Contracts With FEHBA Carriers.

There is no basis for federal officer removal in this case where Plaintiff, suing in the name of the Commonwealth, has expressly disclaimed any claims relating to Caremark's administration of federal healthcare programs or to Caremark's contracts with FEHBA carriers.  Although Plaintiff challenges Defendants' conduct in furtherance of the Insulin Pricing Scheme, Plaintiff's complaint excludes any claim related to "any federal program arising out of the Insulin Pricing

Scheme, including actions by the PBM Defendants working with the Office of Personnel Management ("OPM") to manage Federal Employees Health Benefits Act ("FEHBA") plans." Compl. ¶ 223.  Accordingly, Plaintiff's UTPCPL claim expressly carves out any conduct by Caremark related to its contracts with FEHBA carriers.  Plaintiff's claim, therefore, excludes any conduct in which Caremark might be "acting under" federal officers or in which Caremark might have a colorable preemption defense.  As a result, the federal officer removal statute is inapplicable here.

Although the Third Circuit has not directly addressed the effect of disclaimers on federal officer removal, courts (including those within the Third Circuit) have generally recognized that express disclaimers may defeat federal officer removal.  As noted above, two courts in the context of insulin pricing suits have found express disclaimers regarding federal healthcare programs to be effective such that remand was required. *See People v. Eli Lilly*, 2023 WL 4269750, at *5-7; *Gov't of Puerto Rico*, 2023 WL 4830569 at *2-3 (D.P.R. July 13, 2023).

And multiple courts in other contexts have similarly found that plaintiffs effectively excluded claims specific to federal health benefit programs such that removal was improper.  For example, in *St. Charles Surgical Hosp., LLC v. Louisiana Health Serv. & Indem. Co.*, No. 19-13497, 2021 WL 3077043, at *3 (E.D. La. July 21, 2021), the plaintiff disclaimed relief relating to any fraud or abuse-of-right claims that may have occurred in connection with federally insured patients.  The Court found that this disclaimer sufficiently excluded any federally governed claims (including FEHBA-related claims).  *Id.* at *3-4; *see also Healthcare Venture Partners, LLC v. Anthem Blue Cross and Blue Shield*, No 1:21-cv-29, 2021 WL 5194662, at *8 (S.D. Ohio Nov. 8, 2021) (finding disclaimer of recovery based on "an unpaid claim under the Federal Employee Health Plan" effective; "That is a discrete and readily identifiable category whose membership

does not require the state court to consider the contours of the federal officer removal statute."); *Pelker v. Air & Liquid Sys. Corp.*, 3:17-cv-1107-YY, 2018 WL 679642, at *8 (D. Or. Feb. 2, 2018) ("[P]recedent suggests that when federal (or removable) claims have been waived—or voluntarily dismissed by a plaintiff—a district court has discretion to remand."); *Fisher v. Asbestos Corp.*, No. 2:14-CV-02338-WGY, 2014 WL 3752020, at * 4 (C.D. Cal. July 30, 2014).

Courts have also routinely found disclaimers effective in asbestos suits where the plaintiff has waived any relief stemming from exposure to asbestos while serving in the military or while on government property. *See, e.g.*, *Heilner v. Foster Wheeler LLC*, No. 1:22-cv-00616, 2022 WL 3045838, at *3-4 (M.D. Pa. Aug. 22, 2022) (granting remand where asbestos plaintiff disavowed any claim based on exposure to particular defendant's asbestos products while serving in the armed forces); *Batchelor v. Am. Optical Corp.*, 185 F. Supp. 3d 1358, 1363-64 (S.D. Fla. 2016) ("'federal courts have consistently granted motions to remand' based on a plaintiff 'expressly disclaim[ing] the claims upon which federal officer removal was based'"); *Hayden v. 3M Co.*, No. 15-2275, 2015 WL 4730741, at *4 (E.D. La. Aug. 10, 2015) (remanding asbestos case because plaintiff's "disclaimer eliminates any cause of action related to exposure while [the plaintiff] was in the Navy and the only valid grounds for removal relate to that specific time period"); *Phillips v. Asbestos Corp.*, No. C 13-5655 CW, 2014 WL 794051, at *2 (N.D. Cal. Feb. 26, 2014) (remanding asbestos case because plaintiff "expressly disclaimed and waived any claim arising out of or related to any asbestos exposure aboard federal jobsites and navy vessels," as this "removes any claims to which military contractor immunity might act as a defense"); *Marcher v. Air & Liquid Sys. Corp.*, No. 2:22-CV-00059-RGK-MRW, 2022 WL 562268, at *2 (C.D. Cal. Feb. 24, 2022) ("when the federal officer removal statute is at issue, a plaintiff may expressly waive claims that would give rise to potential federal defenses") (collecting cases).

8

These cases all demonstrate that Plaintiff's express disclaimer, carving out any insulin pricing claims stemming from federal health programs or federal healthcare contracts, is effective to defeat subject matter jurisdiction based on the federal officer removal statute, thereby requiring remand of this action to State court.

**B.    Caremark Has Not Demonstrated That It Meets The Requirements For Federal Officer Removal.**

Caremark nevertheless blithely casts aside Plaintiff's disclaimer, arguing that the assertion of a federal defense is dispositive of whether removal is proper.  Dkt. No. 1 at ¶ 33.  That argument simply disregards the four requirements in this Circuit for establishing federal officer removal, of which a colorable federal defense is only one.  *In re Commonwealth's Motion,* 790 F.3d at 467. In any event, Caremark misconstrues Plaintiff's Complaint.  Contrary to Caremark's assertion, Dkt. No. 1 at ¶ 34, Plaintiff does *not* challenge the legality of any contracts between Defendants and the federal government or FEHBA carriers.  As explained above, Plaintiff expressly disclaims claims arising out of Defendants' conduct related to federal programs or federal contracts.  Because no federal contracts are at issue here, there can be no colorable federal preemption defense.

Caremark nevertheless contends that its contracts with FEHBA carriers preempt State law. Dkt. No. 1 at ¶ 41.  But the FEHBA requirements do not apply to non-federal carriers.  *See generally* 5 U.S.C. §§ 8901, 8902. Thus, Defendants' conduct with respect to non-federal carriers is not governed by FEHBA requirements, and preemption does not apply.  And, as explained above, Plaintiff's disclaimer makes plain that Plaintiff is not challenging Defendants' conduct with respect to their contracts or negotiations with FEHBA carriers.

Caremark further argues, in conclusory fashion, that, "for most of the time period at issue," its conduct and practices were the same for both FEHBA and non-FEHBA plans, such that Plaintiff's claims relating to acts under color of federal office are "indivisible" from Plaintiff's

claims arising from conduct performed for non-federal clients. Dkt. No. 1 at ¶ 31.  But just because Caremark's conduct *may* be the same with respect to federal and non-federal programs does not mean that Plaintiff is challenging Caremark's conduct as it relates to federal programs or federal contracts, particularly where Plaintiff has expressly disclaimed that it is doing so.

Indeed, other courts have rejected similar arguments that a defendant's conduct is "indivisible."  In the context of a suit related to climate change due to the defendants' concealment of, and misrepresentations regarding, the dangers of fossil fuels, a district court called the defendants' indivisibility argument a "strawman" argument that ignored the critical question about whether the challenged conduct was done at the direction of a federal officer.  *City of Annapolis, Md. v. BO P.L.C.*, No. SAG-21-00772, 2022 WL 4548226, at *8 (D. Md. Sept. 29, 2022), *appeal docketed*, No. 22-2082 (4th Cir. Oct. 14, 2022).  The district court there agreed the plaintiffs could avoid removal by disclaiming recovery related to fossil-fuel products that were specially designed for the federal government.  *Id.*  In other words, even if Caremark acts under the direction of OPM for some of its activities, that "does not bring all of the company's prior and subsequent [] actions under the umbrella of federal officer authority."  *City of Annapolis,* 2022 WL 4548226, at *8; *see also Rhode Island v. Shell Oil Prods. Co. L.L.C.*, 35 F.4th 44, 53 n.6 (1st Cir. 2022), *petition for cert. filed* (U.S. Dec. 6, 2022) (22-524) (reaffirming prior ruling that action was not removable under federal officer removal statute where State did not sue defendants over their work pursuant to contracts with the federal government).

Thus, the question of whether and to what extent Plaintiff's allegations relating to the skyrocketing cost of insulin in non-federal programs may also be true with regard to federal programs is immaterial—those issues are simply outside the scope of Plaintiff's complaint. Plaintiff, as the master of his complaint, may eschew federal claims and choose to have his case

heard in State court.  *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).  A defendant may not use the federal officer removal statute to circumvent that rule by simply pointing to the fact that the defendant has some relationship or some dealings with the federal government, especially where such conduct is not even the subject of the plaintiff's claims.

And even assuming that Caremark is "acting under" a federal officer for purposes of its contracts with FEHBA carriers,[2] Caremark makes no allegations that it is "acting under" federal officers for purposes of its contracts with non-federal government carriers.  The fact that Caremark chooses not to vary its practices for non-federal clients does not mean that conduct is "indivisible." In the asbestos context, courts have allowed a plaintiff to disclaim asbestos exposure at a federal facility and sue only regarding exposure at a civilian building in order to avoid removal.  *See Fisher*, 2014 WL 3752020, at *3, 5.  Courts reject the argument that the plaintiff's injury (such as death from lung cancer) cannot be divided between federal and civilian exposure.  *See, e.g.*, *Heilner*, 2022 WL 3045838, at *3-4 (rejecting argument that plaintiffs could not disclaim any particular asbestos exposure based on the "indivisible nature" of the injury).  And, significantly, as discussed above, the Fifth Circuit has recognized that a plaintiff can avoid federal officer removal by not including persons with FEHBA health insurance within the scope of its lawsuit. *St. Charles Surgical Hosp.*, 990 F.3d at 455.  That is exactly what Plaintiff has done here.

---

[2] Plaintiff disputes that Caremark is "acting under" federal officers when it performs services relating to FEHBA plans.  Although government contractors have been held to be "acting under" federal officers "when the relationship between the contractor and the Government is an unusually close one involving detailed regulation, monitoring, or supervision," "simply *complying* with the law" is not sufficient "to bring a private person within the scope of the statute." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007).  As the Supreme Court has explained, "[w]hen a company subject to a regulatory order (even a highly complex order) complies with the order, it does not ordinarily create a significant risk of state-court 'prejudice'" such that the statutory purpose of the federal officer removal statute is at issue. *Id.*  But given Plaintiff's disclaimer that it is not asserting any claims pertaining to federal health benefit programs, this Court need not reach that issue.

Caremark also contends that Plaintiff's disclaimer is ineffective because Plaintiff's requested injunctive relief cannot be limited to non-federal programs. Dkt. No. 1 at ¶ 38. That is simply untrue. Injunctive relief could easily be tailored to exclude relief concerning conduct performed by Defendants in negotiating or performing contracts with the federal government, and that is precisely what Plaintiff's disclaimer asks the Court to do.[3] Plaintiff's disclaimer confines Plaintiff's allegations and requested relief solely to non-federal programs.

Caremark further asserts that "Plaintiff has not explained and cannot explain the degree to which Caremark's non-federal conduct or federal conduct can be deemed responsible for these allegedly increased payments." Dkt. No. 1 at ¶ 36. But Caremark bears the burden of establishing jurisdiction under the federal officer removal statute. Thus, it is Caremark's burden to explain why its conduct regarding non-federal clients was under color of federal office.

Finally, Caremark suggests that Plaintiff's disclaimer is just "artful pleading" to avoid federal jurisdiction and therefore should not be given effect. Dkt. No. 1 at ¶ 33. While some courts use a "good faith" test to consider disclaimers in the context of federal officer jurisdiction, that test further weighs in favor of remanding this matter to Philadelphia County's Court of Common Pleas. As explained in *Healthcare Ventures*, the "good faith" test "draws a meaningful distinction between 'artful' (i.e. opaque and ambiguous) pleading for circumventing federal officer jurisdiction and clear and unambiguous disclaimers intended to prevent removal." 2021 WL 5194662, at *7. "The former is generic; the latter is specific. The former shows bad faith; the latter shows good faith. The former is ineffective; the latter is effective." *Id.* Here, Plaintiff's

---

[3] In any event, Plaintiff's prayer for relief, including a request for injunctive relief, "is not part of a claim." *Airbus DS Optronics GmbH v. Nivisys LLC*, No. CV-14-02399-PHX-JAT, 2015 WL 3439143, at *9 (D. Ariz. May 28, 2015). Any purported defense to the prayer for relief, therefore, is not a defense to a claim and does not support removal. *Lara v. CBS Corp.*, No. CV 13-5569 ABC, 2013 WL 4807168, at *2 (C.D. Cal. Sept. 6, 2013).

disclaimer is clear and unambiguous by disclaiming a specific subcategory of claims relating to federal programs like FEHBA, rather than a generic boilerplate disclaimer of all federal claims. Plaintiff's disclaimer, therefore, is effective.

Lastly, if there is any doubt as to whether remand is appropriate here, the underlying purpose of the federal officer removal statute counsels in favor of remand. Because this action is brought in the name of the Commonwealth in State court and relies exclusively on State law, litigating this action in State court in no way imperils any federal officer or any federal policy. Rather, this suit seeks to hold private entities, including Caremark, accountable for their own roles in causing the prices of insulin to skyrocket. Since there is no legal basis to support removal here, Plaintiff respectfully requests that the Court enter an order remanding the case to the Philadelphia County Court of Common Pleas.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court order expedited consideration of this motion, to include that any opposition be filed by December 4, 2023, and any reply to be filed by December 6, 2023, and that this Court then remand Plaintiff's case to the Philadelphia County Court of Common Pleas.

RESPECTFULLY SUBMITTED:

Dated: November 27, 2023                    */s/Gregory B. Heller*

Gregory B. Heller (PA Bar No. 61130)
**MCLAUGHLIN & LAURICELLA, P.C.**
2005 Market Street, Suite 2300
Philadelphia, PA 19103
Tel: (267) 238-1211
gheller@best-lawyers.com

Russell W. Budd (*pro hac vice* forthcoming)
Christine C. Mansour (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave, Suite 1100
Dallas, TX 75219
Tel.: (214) 521-3605
rbudd@baronbudd.com
cmansour@baronbudd.com

Burton LeBlanc (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
2600 Citiplace Drive, Suite 400
Baton Rouge, LA 70808
Tel.: (225) 927-5441
bleblanc@baronbudd.com

Roland Tellis (*pro hac vice* forthcoming)
Mark P. Pifko (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Los Angeles, CA 91436
Tel.: (818) 839-2333
rtellis@baronbudd.com
mpifko@baronbudd.com

Catherine Hancock Dorsey (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
600 New Hampshire Ave. NW 10th Floor
Washington, D.C. 20037
Tel.: (202) 333-4562
cdorsey@baronbudd.com

Troy A. Rafferty, Esq. (*pro hac vice* forthcoming)
Matthew D. Schultz, Esq. (*pro hac vice* forthcoming)
William F. Cash, Esq. (*pro hac vice* forthcoming)
Brandon L. Bogle, Esq. (*pro hac vice* forthcoming)
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, Florida 32502
Tel.: (850) 435-7140
trafferty@levinlaw.com
mschultz@levinlaw.com
bcash@levinlaw.com
bbogle@levinlaw.com

Benjamin J. Widlanski (*pro hac vice* forthcoming)
Tal J. Lifshitz (*pro hac vice* forthcoming)
Rachel Sullivan (*pro hac vice* forthcoming)
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Tel.: (305) 372-1800
bwidlanski@kttlaw.com
tjl@kttlaw.com
rs@kttlaw.com

Christopher A. Seeger (*pro hac vice* forthcoming)
David R. Buchanan (PA Bar No. 320392)
Steven J. Daroci (PA Bar No. 316989)
**SEEGER WEISS, LLP**
55 Challenger Road
Ridgefield Park, New Jersey 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com
sdaroci@seegerweiss.com

*Attorneys for Plaintiff*

15

**CERTIFICATE OF SERVICE**

I hereby certify that, on the below date, I caused a true and correct copy of the foregoing

Plaintiff's Motion To Remand And Request For Expedited Consideration, Memorandum Of Law

In Support Of Plaintiff's Motion To Remand And Request For Expedited Consideration, and

Proposed Order, to be filed, served, and made available for viewing and downloading from the

CM/ECF System to all counsel of record.

*/s/Gregory B. Heller*

Gregory B. Heller (PA Bar No. 61130)
**MCLAUGHLIN & LAURICELLA, P.C.**
2005 Market Street, Suite 2300
Philadelphia, PA 19103
Tel: (267) 238-1211
gheller@best-lawyers.com

Dated: November 27, 2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| _____ | : | |
| COMMONWEALTH OF PENNSYLVANIA, *ex rel.* Lawrence S. Krasner, Philadelphia District Attorney, | : : : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:23-CV-04645-JMY |
| | : | |
| ELI LILLY AND COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**[PROPOSED] ORDER**

Upon due consideration of Plaintiff's request for expedited consideration of his motion to remand, this Court grants the request and hereby orders any opposition to Plaintiff's remand motion to be filed no later than December 4, 2023, and any reply in support of remand to be filed no later than December 6, 2023.

Dated:

_____
John Milton Younge
United States District Court Judge