**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, ex rel. Lawrence S. Krasner, Philadelphia District Attorney, | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :   Case No. 2:23-CV-04645 |
| | : |
| ELI LILLY AND COMPANY, et al., | : <br> : |
| Defendants. | : <br> : |

**PLAINTIFF'S MOTION FOR RECONSIDERATON**

Pursuant to Local Rule 7.1(g), Plaintiff, Philadelphia District Attorney Lawrence S. Krasner, in the name of the Commonwealth of Pennsylvania, hereby respectfully requests that this Court reconsider its January 10, 2024 Order (ECF No. 39) placing this matter in civil suspense. Reconsideration is appropriate because the Court's January 10, 2024 Order contains consequential errors of fact as to the procedural posture of this case. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (court should grant a motion for reconsideration if the moving party establishes errors of law or fact). This case is not currently pending before the United States District Court for the District of New Jersey—a district court with authority equal to that of this Court—as stated in this Court's January 10 Order. Rather, this case has been referred to the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel")—a federal court with limited authority—solely for the purpose of considering whether the case should be transferred to the New Jersey District Court for consolidation into the Insulin Pricing Litigation MDL. The JPML's statutory authority does not permit it to decide the jurisdictional questions at issue in Plaintiff's fully-briefed and pending

remand motions; those issues, therefore, are before this Court and this Court alone. A prompt decision by this Court will conserve judicial resources and avoid unnecessary delay.

## PRODCEDURAL BACKGROUND

Plaintiff filed two remand motions in this Court in response to two separate notices of removal filed by Defendants. The remand motions (ECF Nos. 3 and 27) explain that federal jurisdiction is lacking, and that, as a result, removal to federal court was improper. The motions are fully briefed and ripe for disposition.

On December 11, 2023, the Clerk of the JPML entered an Order that conditionally transferred this case to the Insulin Pricing Litigation MDL in the United States District Court for the District of New Jersey.  Insulin Pricing Litigation, 23-MD-3080-BRM-RLS (D.N.J.) (ECF No. 45). Consistent with JPML rules, the Order was stayed for seven days to provide the parties an opportunity to oppose transfer.  ECF No. 45; JPML Rule 7.1(b).  Plaintiff filed a timely notice of opposition, pursuant to which the seven-day stay was "continued until further order of the Panel." ECF No. 45.  Plaintiff subsequently moved to vacate the conditional transfer order.  Briefing on that motion will be complete on January 17, 2024, when Plaintiff files his reply brief. The Panel has not indicated whether it will hold oral argument.  JPML Rule 11.1(c). Because there has been no "further order of the Panel," the conditional transfer order remains stayed and transfer of this case to the Insulin Pricing Litigation MDL has not yet occurred. If this Court grants Plaintiff's motions to remand, the transfer issue before the JPML will be rendered moot.

The JPML will not decide, and indeed does not have the authority to decide, the foundational question of federal jurisdiction presented to this Court in Plaintiff's remand motions. *See, e.g., In re: Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, __ F. Supp. 3d __, 2023 WL 2875927, at *1-2 (Apr. 10, 2023) (JPML does not have authority to decide

jurisdictional issues).  Unlike this Court or the New Jersey District Court, the JPML is a court of limited jurisdiction that lacks statutory authority to decide questions going to the jurisdiction or merits of a case.  *See* 28 U.S.C. § 1407; *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1381 (JPML 2020).

Against this backdrop, on January 10, "upon consideration of the Conditional Transfer Order . . . entered by the United States District Court for the District of New Jersey" and "it appearing that the District Court of New Jersey entered a schedule for briefing and oral argument on the question of transfer and coordination/consolidation with the multidistrict litigation," this Court entered an Order placing this case in civil suspense. ECF No. 39.  No such order or briefing and argument schedule has been entered by the District Court of New Jersey.

## ARGUMENT

A court should grant a motion for reconsideration if the moving party establishes errors of law or fact. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *Allen v. J.K. Harris & Co.,* No. 05-MC-74, 2005 WL 2902497, at *1 (E.D. Pa. Nov. 2, 2005). That standard is met here, because this Court stated that the District of New Jersey entered a conditional transfer order (it did not) and that the question of transfer and coordination/consolidation is pending before the District of New Jersey (it is not).  Those were consequential errors here because they indicated that this Court has the mistaken impression that this matter is pending before another federal court with equal authority to decide all issues, including jurisdictional and merits issues, in this case.  In fact, however, the JPML has authority only to consider whether this case should be transferred to the District Court of New Jersey for consolidation with the Insulin Pricing Litigation MDL and may not resolve questions of federal subject matter jurisdiction or the merits.  Because, at this time,

only this Court may do so (and indeed, has an obligation to do so), this Court should reconsider its order to place this action in suspense.

If this case does not belong in federal court, interests of efficiency counsel overwhelmingly in favor of deciding these jurisdictional issues now, in this Court. *See, e.g.*, *Woosley v. United States Dist. Ct. for the Dist. of Conn.*, 693 F. App'x 144, 147 (3d Cir. 2017) (because subject matter jurisdiction goes to a court's power over a case, that is a threshold issue that should be determined at the outset). Congress intended for district courts to resolve threshold jurisdictional concerns prior to transfer to an MDL. *See Pennsylvania v. Tap Pharmaceuticals Prods., Inc.*, 415 F. Supp. 2d 516, 521 (E.D. Pa. 2005) ("[G]ranting a stay solely based on the existence of a factually-related MDL proceeding, without undertaking an individualized analysis of subject matter jurisdiction, would run counter to established case law, congressional intent, and JPML Rule 1.5, all of which contemplate a district court will act to resolve threshold jurisdictional concerns.") (footnote omitted).

The jurisdictional issues raised by Plaintiff are serious ones. With respect to federal officer removal, 28 U.S.C. § 1442(a)(1), two other federal district courts, addressing substantially identical facts in insulin pricing cases brought by other governmental entity plaintiffs against many of these same defendants, found that federal jurisdiction was lacking and remanded those cases back to the State courts where they were originally filed. *See People v. Eli Lilly & Co.,* No. 2:23-cv-01929-SPG-SK, 2023 WL 4269750, at *5-7 (C.D. Cal. June 20, 2023) (appeal pending) (remanding insulin pricing case where California disclaimed any recovery based on payments by federal government pursuant to FEHBA or TRICARE-governed health benefits plans); *Gov't of Puerto Rico v. Eli Lilly & Co.,* No. 23-1127 (JAG), 2023 WL 4830569 at *2-3 (D.P.R. July 13, 2023) (appeal pending) (remanding insulin pricing case where Puerto Rico's complaint stated that

it "is not seeking relief relating to any federal program (e.g., Medicaid, Medicare) or any contract related to a federal program"). With respect to removal based on diversity jurisdiction, 28 U.S.C. §§ 1332(a) and 1441, jurisdiction is lacking because the real party in interest for jurisdictional purposes is the Commonwealth, which is not a citizen of any state under long-settled law. *Moor v. Alameda County,* 411 U.S. 693, 717 (1973).  Defendants themselves have recognized that this is a jurisdictional issue of first impression.   ECF No. 37 at 1 (conceding that this case raises "a jurisdictional issue of first impression").

For the foregoing reasons, Plaintiff respectfully requests that this Court reconsider and vacate its January 10 Order, return this case to active status, and set this case for a status conference so that the jurisdictional issues can be promptly addressed. In the alternative, Plaintiff respectfully requests that this Court decide Plaintiff's remand motions and remand this case to the Philadelphia County Court of Common Pleas.

Dated: January 16, 2024

RESPECTFULLY SUBMITTED:

*/s/Gregory B. Heller*
  Gregory B. Heller (PA Bar No. 61130)
  Mark Tanner (PA Bar No. 58738)
  **FELDMAN SHEPHERD WOHLGELERNTER TANNER**
  **WEINSTOCK DODIG LLP**
  1845 Walnut Street, 21st Floor
  Philadelphia, PA 19103
  Tel: (215) 567-8300
  mtanner@feldmanshepherd.com
  gheller@feldmanshepherd.com

Russell W. Budd (*pro hac vice* forthcoming)
Christine C. Mansour (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave, Suite 1100
Dallas, TX 75219
Tel.: (214) 521-3605
rbudd@baronbudd.com
cmansour@baronbudd.com

Burton LeBlanc (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
2600 Citiplace Drive, Suite 400
Baton Rouge, LA 70808
Tel.: (225) 927-5441
bleblanc@baronbudd.com

Roland Tellis (*pro hac vice* forthcoming)
Mark P. Pifko (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Los Angeles, CA 91436
Tel.: (818) 839-2333
rtellis@baronbudd.com
mpifko@baronbudd.com

Catherine Hancock Dorsey (*pro hac vice* forthcoming)
**BARON & BUDD, P.C.**
600 New Hampshire Ave. NW 10th Floor
Washington, D.C. 20037
Tel.: (202) 333-4562
cdorsey@baronbudd.com

Troy A. Rafferty, Esq. (*pro hac vice* forthcoming)
Matthew D. Schultz, Esq. (*pro hac vice* forthcoming)
William F. Cash, Esq. (*pro hac vice* forthcoming)
Brandon L. Bogle, Esq. (*pro hac vice* forthcoming)
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR,**
**BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen St., Suite 600
Pensacola, Florida 32502
Tel.: (850) 435-7140
trafferty@levinlaw.com
mschultz@levinlaw.com

bcash@levinlaw.com
bbogle@levinlaw.com

Benjamin J. Widlanski (*pro hac vice* forthcoming)
Tal J. Lifshitz *(pro hac vice* forthcoming)
Rachel Sullivan (*pro hac vice* forthcoming)
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Tel.: (305) 372-1800
bwidlanski@kttlaw.com
tjl@kttlaw.com
rs@kttlaw.com

Christopher A. Seeger (*pro hac vice* forthcoming)
David R. Buchanan (PA Bar No. 320392)
Steven J. Daroci (PA Bar No. 316989)
**SEEGER WEISS, LLP**
55 Challenger Road
Ridgefield Park, New Jersey 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com
sdaroci@seegerweiss.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on the below date, I caused a true and correct copy of the foregoing

motion to be filed, served, and made available for viewing and downloading from the CM/ECF

System to all counsel of record.

**FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK DODIG LLP**

Date:  January 16, 2024

BY: _____*/s/ Gregory B. Heller*_____
　　　GREGORY B. HELLER
　　　Attorneys for Plaintiff

8